## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| WEIGEL, | Civil Action No. |
| Plaintiff, | 2:17-CV-04361-CCC-SCM |
| v. | **PLAINTIFF'S MOTION TO REMAND** |
| GRIFFIN, et. al., | **[D.E. 2]** |
| Defendant. | |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Shawnalyn Weigel's (hereinafter "Ms. Weigel") Motion to Remand.[1] Defendant Charles Griffin (hereinafter "Mr. Griffin") opposes the motion.[2] The Honorable Claire Cecchi, United States District Judge, referred this motion to the undersigned for report and recommendation.[3] Having reviewed and considered the parties' submissions, it is respectfully recommended that Ms. Weigel's Motion to Remand be **DENIED.**

---

[1] (ECF Docket Entry No. ("D.E." 2, Mot. to Remand). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 8, Def.'s Br.).

[3] L. Civ. R. 71.1(a)(2).

I.      **BACKGROUND AND PROCEDURAL HISTORY**[4]

Ms. Weigel instituted this action to recover damages for personal injuries stemming from a motor vehicle accident.[5] On August 23, 2016, Ms. Weigel filed her complaint with the Essex County Superior Court asserting claims against Mr. Griffin and her insurance carrier, New Jersey Manufacturers Insurance Company (hereinafter "Manufacturers") for personal injury protection (hereinafter "PIP") benefits.[6] Manufacturers was a citizen of New Jersey. On February 3, 2017, Manufacturers and Ms. Weigel filed a stipulation of dismissal without prejudice as to Ms. Weigel's claim against Manufacturers.[7] Ms. Weigel did not send a copy of the stipulation to Mr. Griffin but the stipulation of dismissal was accessible through Essex County's electronic filing system as of February 3, 2017.[8]

On May 16, 2017, counsel for Mr. Griffin called Manufacturers regarding its "evident lack of an Answer" and "outstanding discovery."[9] He spoke with counsel for Manufacturers who revealed that Manufacturers had been dismissed.[10] On that same day, counsel for

---

[4] The allegations set forth within the pleadings and motion record are relied upon for the purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 2-1, Mot. to Remand, Ex. 1 at 1).

[6] *Id*. at 1–2.

[7] *Id.*

[8] (D.E. 2-18, Pl.'s Br. at 5).

[9] (D.E. 1, Notice of Removal at ¶ 6).

[10] (D.E. 1, Notice of Removal at ¶ 8).

Manufacturers emailed the stipulation of dismissal to Mr. Griffin.[11] On June 15, 2017, Mr. Griffin removed the action to this Court on the grounds of diversity jurisdiction.[12]

On August 7, 2017, Ms. Weigel moved to remand this action to state court.[13]

## II.     DISCUSSION & ANALYSIS

### A. Legal Standard

As an initial matter, this Court has original jurisdiction to hear claims where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of State citizenship between the parties.[14] A claim first brought in state court may be removed to federal court under 28 U.S.C §1441.[15] When there is an alleged defect in the removal procedure or a lack of subject matter jurisdiction, a party may move to remand the issue back to state court.[16] The Third Circuit directs its courts to strictly construe 28 U.S.C. §1441 against removal and to resolve all doubts in favor of remand.[17] It is assumed "that federal courts lack jurisdiction unless the

---

[11] *Id*.

[12] (D.E. 1, Notice of Removal at 1).

[13] (D.E. 2, Mot. to Remand at 1).

[14] *See* 28 U.S.C §1332(a)(1).

[15] *See* 28 U.S.C §1441.

[16] *See* 28 U.S.C §1447(c).

[17] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

contrary appears affirmatively from the record."[18]  As a result, "the burden is on the removing party to show the case belongs in federal court."[19]

Under 28 U.S.C §1446(a), a civil action brought in state court may be removed by a defendant to the proper federal district court with original jurisdiction.[20]  Removal requires an independent ground for subject-matter jurisdiction such as diversity jurisdiction or federal question jurisdiction.[21]  Under 28 U.S.C §1446(b), a notice of removal of a civil action or proceeding shall be filed within thirty days after the defendant is successfully served with process.[22]  Where the initial pleading does not indicate that the case is removable from the allegations but becomes removable afterward, federal law prescribes that the notice of removal be filed "*within 30 days* after *receipt* by the defendant, *through service or otherwise,* of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."[23]

---

[18] *DeJoseph*, 18 F. Supp. 3d at 598 (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[19] *Constantino v. Cont'l Airlines, Inc.*, No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[20] *See* § 1441(a).

[21] *Id.*

[22] *See* 28 U.S.C 1446(b).

[23] *See* 28 U.S.C. § 1446(b)(3); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 50 (3d Cir.1993) (emphasis added).

### B. Analysis

The issue before the Court is whether Mr. Griffin timely removed this action, which rests on determining when the thirty-day period for removal began to run under 28 U.S.C § 1446(b).[24] Ms. Weigel argues that the thirty-day period for removal period began to run on October 7, 2016, when the original complaint was served to Mr. Griffin.[25] Ms. Weigel further argues in the alternative that the thirty-day period for removal began to run, if not at the time of the filing of the original complaint, then on February 3, 2017, when a copy of the stipulation dismissing Manufacturers was filed in state court. According to Ms. Weigel, "[a] simple check of the [State's] judiciary website at any time [after February 3, 2017] would have revealed the stipulation of dismissal."[26] Mr. Griffin argues conversely that the thirty-day period for removal began to run on May 16, 2017, when he first received actual notice of Manufacturers' dismissal.[27] He was never sent a copy of the stipulation of dismissal until that date.[28] During the relevant time period, the state court did not utilize e-filing notifications to alert parties when a document was e-filed.[29]

---

[24] *Id.*

[25] (D.E. 2-1, Mot. to Remand, Ex. 1 at 4).

[26] *Id.*

[27] (D.E. 8, Def.'s Br., at 2).

[28] (D.E. 8, Def.'s Br., at 1).

[29] *Id.*

1. <u>There Was No Complete Diversity Until Manufacturers Was Dismissed Because Manufacturers Was Not a Nominal Party to the Action</u>

Ms. Weigel argues that diversity existed on October 7, 2016 (and therefore the period for removal began at that time) even though Manufacturers, a named defendant on the complaint, is a citizen of the same state as Ms. Weigel. Ms. Weigel maintains that "[t]he complaint, on its face, reveals [Manufacturers] to be a nominal party to the litigation named solely to enforce Ms. Weigel's claim for personal injury protection benefits under the policy of insurance. Thus, [Manufacturers] was not a real or substantial party to the litigation."[30]

The Court rejects this argument because the complaint demonstrates the opposite. The caption named both Mr. Griffin and Manufacturers as defendants.[31] In the complaint's second count, Ms. Weigel pled that she was insured by Manufacturers, that she notified Manufacturers of the accident, and that she timely complied with the policy's requirements, but that Manufacturers "wrongfully refused and continues to refuse to honor" her claim.[32] Ms. Weigel then demanded judgment against Manufacturers "for damages, costs of suit, attorneys' fees…and any and all remedies as the Court deems equitable and just[.]"[33] In light of these portions of the complaint, Ms. Weigel's argument that "[t]he complaint, on its face, reveals [Manufacturers] to be a nominal party" can only be described as audacious.[34] "Nominal parties are generally those

---

[30] (D.E. 2-18, Pl.'s Br. at 8); *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

[31] (D.E. 1-1, Notice of Removal, Ex. 1, at 2).

[32] (D.E. 1-1, Notice of Removal, Ex. 1, at 4).

[33] *Id.*

[34] (D.E. 2-18, Pl.'s Br., at 8).

without a real interest in the litigation."[35] Ms. Weigel cites no authority for the proposition that an insurance company, sued for wrongfully refusing to pay an insured person, is without a real interest in that litigation. The cases she does cite regarding nominal parties deal with different circumstances and are unpersuasive in this context.

Ms. Weigel recites the *Navarro* case's holding that the trustees of a trust, rather than the shareholders, are the real parties for diversity purposes.[36] However, she does not discuss how the "narrow exception[]" of *Navarro*[37] supports her position. *Navarro* stands for the proposition that shareholders of a trust are considered nominal when the trustees have legal title to the assets, can invest the assets, and are authorized to sue or be sued as trustees, while the shareholders "can neither control the disposition of [litigation] nor intervene in the affairs of the trust except in the most extraordinary situations."[38] Ms. Weigel does not argue why an insurance company named in the complaint and sued for damages (among other relief) is similarly situated to shareholders of the kind of trust at issue in *Navarro*.

Ms. Weigel cites *Eyal Lior* for the proposition that a "garnishee, who is merely the holder of the stakes of the dispute, has no bearing upon diversity jurisdiction."[39] Ms. Weigel again fails to discuss this case any further than a recitation of one of its determinations (which, in any case, turns out to be a dictum rather than a holding). In *Eyal Lior*, the plaintiffs, like Ms. Weigel in this

---

[35] *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

[36] (D.E. 2-18, Pl.'s Br., at 10); *Navarro*, 446 U.S. at 464. (1980).

[37] *Lowsley-Williams v. N. River Ins. Co.,* 884 F. Supp. 166, 170 (D.N.J. 1995).

[38] *Navarro*, 446 U.S. at 464-65. (1980).

[39] (D.E. 2-18, Pl.'s Br., at 10*)*; *Eyal Lior v. Sit*, 913 F. Supp. 868, 877 (D.N.J. 1996).

case, sought to demonstrate that diversity existed from the initial filing, so that the defendants' removal was too late.[40] The court in that case agreed with the plaintiffs that the citizenship of the disputed defendant (i.e. the garnishee) was different from the plaintiffs', so that diversity existed from the initial filing and the defendants' removal was too late.[41] The court went on to note that the garnishee was also a nominal party, but having already determined that there was always diversity in the case and removal was too late, the court's discussion of the nominal party issue constituted dicta.[42] But even if the nominal party discussion were a holding, it would still be inapplicable in this case. In *Eyal Lior*, the plaintiffs brought no claims directly against the garnishee, but added them as a party because the garnishee had a debt to the defendant and was a possible source of funds in case the defendant lost.[43] Presuming that the garnishee was indifferent as to whom it had to pay its already established debt, the court called the garnishee "merely the holder of the stakes of the dispute."[44] By contrast, in this case, Ms. Weigel did bring a claim directly against Manufacturers. Manufacturers was not brought into the case with a pre-existing debt to Mr. Griffin that may simply have had to be delivered to Mr. Griffin's adversary pending a resolution of litigation. Rather, Manufacturers was sued by Ms. Weigel over insurance payments that it apparently contested to some degree. It therefore had its own stake in the

---

[40] *Eyal Lior v. Sit*, 913 F. Supp. at 877.

[41] *Id.* at 876-7.

[42] *Id.* at 877.

[43] *Id*.

[44] *Id.*

litigation, not the neutral role of a garnishee. The fact that Ms. Weigel sought and obtained a default judgment against Manufacturers further supports the notion that they were a real party, rather than a nominal one like the garnishee in *Eyal Lior*.[45]

Finally, Ms. Weigel cites the Third Circuit case *Bumberger*, but her discussion does not illuminate how that case helps her position.[46] In that case, the bicycling victim of a car accident sued the driver's company ADT, and later added ADT's insurance company to the complaint.[47] The insurance company moved to be dismissed from the case, arguing that its inclusion would have destroyed the diversity necessary for the case to remain in federal court.[48] Since ADT's deductible was $500,000, and ADT and the plaintiff stipulated that the recovery would not exceed $350,000, the district judge held that the insurer was a nominal party and dismissed it from the suit.[49] The Third Circuit vacated and remanded the decision because it thought that the district court had failed to consider other potential costs in addition to the stipulated recovery, which may have resulted in ADT's total expenditure exceeding the $500,000 deductible, thereby

---

[45] *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 701 (D.N.J. 2011) ("It could even be argued that the entry of default judgment against the [ ] defendants demonstrates that they are *not* nominal parties because the plaintiff's entitlement to default judgment against the [ ] defendants is a judicial recognition that real claims have been asserted against them. The mere fact that plaintiff is entitled to a default judgment against an arguably nominal defendant supports plaintiff's argument that the defendant is not a nominal party." (citation, internal quotations marks, and brackets omitted)).

[46] (D.E. 2-18, Pl.'s Br., at 10-11); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764 (3d Cir. 1991).

[47] *Bumberger*, 952 F.2d at 765-66.

[48] *Id.* at 766.

[49] *Id.* at 765.

invoking the insurer. Since the Third Circuit thought the insurer might ultimately have to pay something, it refused to uphold the determination that it was a nominal party.[50]

It is not clear why Ms. Weigel thinks *Bumberger* supports her position; her discussion of the case is cursory and perplexing. It seems that she tries to make the argument that the only reason the Third Circuit remanded in *Bumberger* is because the arguably nominal insurance company was the defendant's insurer, whereas in this case the arguably nominal insurance company is her own (i.e. the Plaintiff's insurer).[51] Whatever the force or relevance such a distinction may have when clearly articulated in the right context, it does not aid Ms. Weigel here. With respect to the nominal party issue, *Bumberger* simply demonstrates the Third Circuit overruling the district court's determination that the insurance company was automatically off the hook. The Third Circuit did not make any statement to the effect that had the ostensibly nominal party been the *plaintiff's* insurer, it would have affirmed its dismissal as a nominal party even if it did have a stake in the case. But such a quixotic reading of *Bumberger* seems to be that which Ms. Weigel puts forth in her brief.[52]

In this case, no party has asserted that Manufacturers would not owe Ms. Weigel payment under any circumstances, and in fact Ms. Weigel's own complaint asserted a count against Manufacturers for damages and other relief. Furthermore, her own discussion of *Bumberger* ends with the self-defeating statement that "[t]he sole issue raised by the second count of the complaint was for payment of plaintiff's medical expenses under her own policy of

---

[50] *Id.* at 769.

[51] (D.E. 2-18, Pl.'s Br., at 10-11).

[52] *Id.*

insurance[.]"[53] A "sole issue" can be, and in this case is, a real issue. Because Manufacturers was a real party to the case at the time of filing and through to its dismissal, there was no complete diversity until it was dismissed. Therefore, the time for removal did not start on October 7, 2016 at the time of the filing of the original complaint. The Court will now turn to the issue of when, given Manufacturers dismissal, the time for removal did begin.

    2.   Constructive Notice is Not Sufficient to Trigger the Removal Period

The facts of this case are similar to the constructive notice issue in *Selkirk v. General Motors, LLC*.[54] There, the plaintiff Russel Selkirk was partially paralyzed when a car driven by a defendant crashed into the back of Mr. Selkirk's car.[55] Mr. Selkirk's original complaint did not provide grounds for removability since one defendant was a citizen of the same state as Mr. Selkirk and therefore the case lacked complete diversity.[56] The non-diverse defendant in their answer raised the affirmative defense of release and attached a copy of its settlement agreement with Mr. Selkirk.[57] However, that answer with the attached settlement agreement was never served on the remaining parties but instead was added to the State's electronic filing system.[58] Mr. Selkirk claimed that the notice of removal was untimely because it was filed more than thirty-days after the defendant supposedly had notice of the settlement agreement entered on the

---

[53] (D.E. 2-18, Pl.'s Br., at 11).

[54] *Selkirk v. Gen. Motors, LLC*, No. CIV.A. 13-331, 2013 WL 3327377 (E.D. Pa. July 2, 2013).

[55] *Selkirk*, 2013 WL 3327377 at *1.

[56] *Id*.

[57] *Selkirk*, 2013 WL 3327377 at *1.

[58] *Id*.

electronic filing system.[59] Mr. Selkirk argued that the defendant, upon making an appearance with the court, had free access to the electronic docket which placed the defendant on constructive notice of the settlement agreement and "was thereby discoverable through reasonable diligence."[60] The court disagreed, stating that receipt through service or otherwise requires "actual notice," not merely constructive notice through electronic filing.[61] The court concluded that the thirty-day window was not triggered until the defendant had received the settlement agreement, which was first given to him at a case management conference.[62]

Other courts in this district and neighboring districts have likewise held that constructive notice is insufficient for triggering the thirty-day requirement for removal.[63] The Second Circuit in *Whitaker* plainly rejected the constructive notice argument a plaintiff raised and held that the basis for removal must be evident on the face of a pleading for the thirty-day clock to commence.[64] The court elaborated that while a defendant is required to use a reasonable amount

---

[59] *Id*.

[60] *Id*.

[61] *Id*. (quoting *Broderick v. Dellasandro,* 859 F.Supp. 176, 178 (E.D.Pa.1994)); *Bishop v. Sam's East, Inc.,* No. 08–4550, 2009 WL 1795316, at *4 (E.D.Pa. June 23, 2009) (same); *Marchiori v. Vanguard Car Rental USA, Inc.,* No. 05–5685, 2006 WL 724445, at *2 (E.D.Pa. Mar.17, 2006) (same).

[62] *Selkirk*, 2013 WL 3327377 at *3.

[63] *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (holding the basis for removal must be evident from the pleading for the thirty-day clock to begin and "requiring defendants to do investigation or to intuit the basis for removal was … inappropriate"); *Foster*, 986 F.2d at 54 ("[T]he relevant inquiry is what the pleading documents said, and not what Defendants may have known or what Defendants could have figured out with some investigation").

[64] *Whitaker*, 261 F.3d at 205-06.

of diligence to ascertain removability, the defendant is not required to investigate beyond the initial pleading of facts.[65] In support of its conclusion, the Second Circuit quoted the Third Circuit in *Foster v. Mutual Fire* that when diversity jurisdiction cannot be reasonably ascertained from the pleadings it matters not what the defendant should have known.[66]

      Here, Ms. Weigel relies on the District of New Jersey case *Eyal Lior v. Sit* which opined that "a stipulation dismissing a non-diverse defendant from a case *may* satisfy the first timing requirement of §1446(b)."[67] However, in that case the thirty-day period did not begin until the moment the defendant *received* an unsigned copy of the stipulation.[68] It was not enough to have the stipulation filed with a court.[69] The key distinction in our present case is that Mr. Griffin, by Ms. Weigel's own admittance, did *not* receive a copy of the stipulation from Ms. Weigel.[70] Based on the claims in the original complaint, Mr. Griffin could not have known whether the case was removable. In accordance with the decisions of this district and neighboring districts, Ms. Weigel's constructive notice arguments fall short. Mr. Griffin did not receive a copy of the stipulation until it had been emailed to him by counsel of Manufacturers on May 16, 2017.[71] Mr. Griffin was not required to investigate beyond the original pleadings to discover the stipulation

---

[65] *Id*. at 206.

[66] *Id*. at 207.

[67] *Eyal,* 913 F.Supp. at 877–78 (emphasis added).

[68] *Id.* at 873.

[69] *Id.*

[70] (D.E. 2-1, Mot. to Remand, Ex. 1 at 4).

[71] (D.E. 1, Notice of Removal at 3).

earlier.[72] Even if the Court accepts as true Ms. Weigel's assertions that Mr. Griffin should have known removal was possible either through ongoing discovery or the filing of the stipulation of dismissal on the State's electronic filing system[73], the Third Circuit has interpreted the removal statute narrowly, "excluding from its coverage facts a defendant knew from oral communications, and even written letters" independent from the initial pleadings.[74]

Accordingly, Mr. Griffin's request for removal on June 15, 2017 was within the thirty-day limit and was thus timely.

### III.     RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that Ms. Weigel's Motion to Remand be **DENIED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[75]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/1/2017 12:30:48 PM

---

[72] *Whitaker*, 261 F.3d at 206.

[73] (D.E. 2-1, Mot. to Remand, Ex. 1 at 4).

[74] *Weiderspahn v. Wing Enterprises, Inc.*, No. CIV.A 09-2441 JEI/AMD, 2009 WL 2070353, at *3 (D.N.J. July 10, 2009) (*citing Foster*, 986 F.2d at 54)).

[75] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

Original: Clerk of the Court
Hon. Claire C. Cecci, U.S.D.J.
cc:     All parties
    File