NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWNALYN WEIGEL,<br><br>                  Plaintiff,<br>v.<br><br>GRIFFIN, et al.<br><br>                  Defendants. | Civil Action No.: 17-4361 (CCC)(SCM)<br><br>**OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on Magistrate Judge Steven C. Mannion's Report and Recommendation ("R&R") addressing Plaintiff Shawnalyn Weigel's ("Plaintiff") motion to remand. (ECF No. 2). Plaintiff timely filed an objection to Judge Mannion's R&R on November 15, 2017. The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court **ADOPTS** Judge Mannion's R&R and **DENIES** Plaintiff's motion to remand.

II. **BACKGROUND**

Plaintiff initially filed this action against, *inter alia*, Charles E. Griffin ("Griffin") and the New Jersey Manufacturers Insurance Company ("NJMIC") (collectively, the "Defendants"), in the Superior Court of New Jersey Law Division, Essex County on August 23, 2016. (ECF No. 1-1). Plaintiff brought claims against Griffin stemming from a motor vehicle accident, as well as claims against NJMIC, Plaintiff's own insurer, for its alleged wrongful failure to honor Plaintiff's claims for "medical expenses, hospital expenses, income continuation and essential services

1

benefits incurred as a result of the bodily injuries sustained as a result" of the motor vehicle accident. (*Id.* at 2-4).

The Complaint was served upon Griffin on October 7, 2016. (ECF No. 2-6). On November 21, 2016, Griffin filed an Answer to Plaintiff's Complaint. (ECF No. 1-2). On February 3, 2017, NJMIC, rather than answer, filed a Stipulation of Dismissal as to Plaintiff's Complaint, which was neither served nor otherwise noticed on Griffin. (*See* ECF No. 1-3; ECF No. 8). Griffin contends that, on May 16, 2017, he contacted NJMIC's counsel concerning NJMIC's failure to file an Answer, only to be informed that NJMIC had been dismissed from the action. (ECF No. 8 at 3). Griffin thereafter removed the action to this Court on June 15, 2017 on the basis of diversity jurisdiction.[1] (ECF No. 1).

Plaintiff filed a motion for remand on July 14, 2017, contending that Griffin's notice of removal was untimely because the thirty-day period in which to file the notice of removal was triggered by Plaintiff's service of the original summons and Complaint on October 7, 2016. (ECF No. 2-18 at 8-11). Alternatively, Plaintiff contends that the thirty-day window began to run, at the latest, on February 3, 2017 when the Stipulation of Dismissal as to NJMIC was filed in the state court action. (*Id.* at 11-12). Griffin, in turn, argues that the removal period began to run only on May 16, 2017—the date he received actual notice and a copy of the Stipulation of Dismissal from NJMIC's counsel. (ECF No. 8). On November 1, 2017, Judge Mannion issued an R&R recommending that Plaintiff's motion for remand be denied, concluding that NJMIC was not a nominal party to the action (and thus that complete diversity did not exist until NJMIC's dismissal), and that constructive notice was insufficient to trigger the thirty-day window in which

---

[1] Neither party disputes that for the purposes of diversity, Plaintiff and NJMIC are citizens of the State of New Jersey while Griffin is a citizen of the State of Maryland. (ECF No. 1 at 2).

2

to file a notice of removal. (ECF No. 14). Plaintiff filed an opposition to the R&R on November 15, 2017, which essentially objects to the entirety of the R&R and re-asserts Plaintiff's originally briefed arguments. (ECF No. 15).

### III. LEGAL STANDARD

Parties may object to a Magistrate Judge's proposed R&R within 14 days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* L. Civ. R. 72.1(c)(2). The district court must make a *de novo* determination of those portions of the magistrate judge's R&R to which a litigant has filed objections.[2] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). An R&R does not have force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

### IV. DISCUSSION

Cases originally brought in state court over which a federal court may also have jurisdiction can be removed pursuant to 28 U.S.C. § 1441. According to Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Thus, "[t]o qualify for removal, the cause of action must be a claim 'of which the district courts of the United States

---

[2] Here, Plaintiff appears to object to the entirety of the R&R. Accordingly, the Court conducts a *de novo* review of the whole of the R&R.

3

have original jurisdiction.'" *Penn v. Wal-Mart Stores*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000). Furthermore, 28 U.S.C. § 1441(b) provides, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

28 U.S.C. § 1446 sets forth the procedure for the removal of a civil action. Section 1446(a) states in relevant part that "a defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal." Section 1446(b)(1) provides that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Moreover, Section 1446(b)(3) states that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days *after receipt* by the defendant, through service *or otherwise*, of a copy of an amended pleading, motion, order or *other* paper from which it may first be *ascertained* that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

The removing defendant bears the burden of establishing that federal jurisdiction exists and that the case should not be remanded. *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 341 (D.N.J. 2001). Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

### A. Complete Diversity Did Not Exist Until NJMIC Was Dismissed Because NJMIC Was Not A Nominal Party To The Action

Plaintiff contends that complete diversity existed as of the date the Complaint was served upon Griffin and that, consequently, the thirty-day period for removal began to run as of October

4

7, 2016. More specifically, Plaintiff maintains that, even though co-Defendant NJMIC is also a citizen of the State of New Jersey, NJMIC was "not a real or substantial party to the litigation," but rather a "nominal party to the litigation named solely to enforce [Plaintiff's] claim for personal injury protection under her policy of insurance." (ECF No. 2-18 at 8). Plaintiff therefore contends that, pursuant to the rule that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), Griffin was required to file a notice of removal based on diversity within thirty days of service of the original Complaint.

The Court disagrees. Plaintiff's Complaint clearly captions both Griffin and NJMIC as Defendants in this action. Moreover, Plaintiff makes specific averments as to NJMIC's refusal to pay out her insurance claims, and further demands not only the insurance payments to which she is allegedly entitled, but also "damages, costs of suit, attorney's fees" and any other equitable remedy the Court may devise. Plaintiff's claim that NJMIC is a nominal party, which "are generally those without a real interest in the litigation," *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991), is therefore unavailing.

The precedent Plaintiff cites in favor of her proposition is similarly inapposite. In *Navarro*, the Court looked solely to the discreet of issue of whether the trustees of a trust were the real parties to the litigation, as opposed to shareholders of the trust. 446 U.S. at 464. Likewise, the court in *Eyal Lior v. Sit*, 913 F. Supp. 868 (D.N.J. 1996) merely held that a garnishee joined in a litigation was not a real party in interest for the purposes of subject matter jurisdiction. *Id.* at 877. Plaintiff further cites to *Bumberger v. Insurance Co. of North America*, 952 F.2d 764 (3d Cir. 1991), wherein ADT (the employer of a driver who injured plaintiff), argued that "the district court erred in holding that ADT's Insurer was a nominal party and so dismissing it from the litigation."

*Id.* at 766. However, the Third Circuit remanded the matter to the district court for its failure to consider whether ADT's total liability would exceed its policy deductible. *Id.* at 767-68. The court also noted that "*if* the district court decides that ADT's Insurer is a real party in interest and not just a nominal party, its continued presence will destroy diversity jurisdiction and compel . . . dismissal," but did not itself render that determination. *Id.* at 768 (emphasis added).

Here, the Court finds that NJMIC was a real party to the litigation and that complete diversity therefore could not exist until such a time as NJMIC was dismissed from the action. The Court accordingly holds that the thirty-day period for filing the notice of removal did not begin on that date Griffin was originally served with Plaintiff's Complaint, *i.e.* October 7, 2016.

### B. Constructive Notice Is Insufficient To Trigger The Thirty-Day Removal Period

Plaintiff alternatively contends that the removal period was triggered by the filing of the Stipulation of Dismissal in state court on February 3, 2017. (ECF No. 18-8 at 11). Plaintiff essentially maintains that, because Griffin had access to the New Jersey State Judiciary's civil case access system, and because Griffin could have reached out to Plaintiff or NJMIC's counsel, Griffin was charged with knowledge of the Stipulation of Dismissal from the day it was filed. (*Id.* at 11-12).

Plaintiff cites to no precedent to support this contention; indeed, Plaintiff cites to at least one case that would seem to support the opposite inference. *See Boggs v. Harris*, 226 F. Supp. 3d 475, 495 (W.D. Pa. 2016) ("'[T]he time period begins to run once the removing party gains knowledge of the facts supporting removal, not when a pertinent order or pleading is subsequently entered or filed.'" (citation omitted)). Moreover, courts in this Circuit, including courts within this district, have held that "receipt through service or otherwise requires 'actual notice,' not merely constructive notice." *Selkirk v. Gen. Motors, LLC*, No. 13-331, 2013 WL 3327377, at *2 (E.D.

Pa. July 2, 2013); *see also Eyal Lior*, 913 F. Supp. at 876–77 ("At the very latest, Defendants *first received* 'a copy of the initial pleading setting forth the claim for relief' upon which the instant action is based on or before the date of the first hearing on the Order to Show Cause[.]" (emphasis added)). Such an interpretation is in accord with the plain language of Section 1446(b)(3). *See Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 465 (D.N.J. 2013) ("Section 1446 is clear that, in order for a removal notice to be timely, it must be filed within thirty days of the date on which the defendant *first ascertained* that the case was removable based on 'a copy of an amended pleading, motion, order *or other paper*.'"(emphasis added) (citation omitted)).

Here, Griffin first became aware that the action was removable when his counsel was informed of NJMIC's dismissal and received a copy of the Stipulation of Dismissal. The thirty-day period was therefore only triggered on May 16, 2017, rendering Griffin's notice of removal timely.

## V. <u>CONCLUSION</u>

Having thoroughly reviewed Magistrate Judge Mannion's R&R and Plaintiff's objections thereto, this Court hereby adopts Magistrate Judge Mannions's R&R. The Court therefore denies Plaintiff's motion to remand. An appropriate Order accompanies this Opinion.

Date: Feby 28, 2018

_____
CLAIRE C. CECCHI, U.S.D.J.