**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWNALYN WEIGEL, | Civil Action No.: 17-4361 (CCC) |
| Plaintiff, | **OPINION** |
| v. | |
| CHARLES GRIFFIN, *et al.*, | |
| Defendants. | |

**CECCHI**, District Judge.

This matter comes before the Court by way of Defendant H&M Bay, Inc.'s ("H&M Bay") Motion to Dismiss Plaintiff Shawnalyn Weigel's First Amended Complaint pursuant to Federal Rule of Civil Procedure (12)(B)(6). (ECF No. 25). Plaintiff has opposed Defendant's motion (ECF No. 33), to which Defendant has replied. (ECF No. 37). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

## I. BACKGROUND[1]

This action revolves around an automobile collision involving Defendant Charles Griffin and Plaintiff. Plaintiff is a resident of Cedar Grove, New Jersey. (FAC at "PARTIES" ¶ 1). Defendant Charles E. Griffin is a resident of Hurlock County, Maryland. (FAC at "PARTIES" ¶

---

[1] This background is derived from Plaintiff's First Amended Complaint and Jury Demand (ECF No. 24 ("FAC")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

2). Defendant H&M Bay is a Maryland Corporation with a principal place of business in Federalsburg, Maryland. (FAC at "PARTIES" ¶ 3).

On or about September 30, 2014, Plaintiff was operating a vehicle that was stopped in traffic at Route 23 and Muller Place in Little Falls, New Jersey. (FAC at "FIRST COUNT" ¶ 1). According to Plaintiff, Defendant Griffin was "the owner and operator of a motor vehicle then and there traveling in the vicinity of Route 23 and Muller Place in Little Falls, New Jersey." (FAC at "FIRST COUNT" ¶ 2). Plaintiff asserts that at that relevant place and time, Defendant Griffin was the "agent, servant and/or employee of the Defendant H&M Bay Inc., and operated said motor vehicle with the full authority, permission and consent of the Defendant H&M Bay Inc., and in furtherance of the interests of Defendant H&M Bay Inc." (FAC at "FIRST COUNT" ¶ 3).[2] Plaintiff further asserts that Defendant Griffin's careless, reckless, and negligent operation of that motor vehicle thereby caused it to collide into the motor vehicle operated by Plaintiff, and that she was severely and permanently injured as a result of the "carelessness, recklessness, and negligence" of Defendants Griffin and H&M Bay. (FAC at "FIRST COUNT" ¶¶ 2-3, 6). Additionally, Plaintiff alleges that she has incurred, and will continue to incur, medical expenses, lost earnings, wages, and income stemming from these injuries. (FAC at "FIRST COUNT" ¶6).

Plaintiff originally filed suit on August 23, 2016 in the Superior Court of New Jersey, Essex County (ECF No. 1), and Defendant Griffin removed the action to this Court on June 6, 2017.

---

[2] Plaintiff asserts that Defendant H&M employed Defendant Griffin at all relevant times, (FAC at "FIRST COUNT" ¶3), having first elicited Defendant H&M's identity from Defendant Griffin at Griffin's deposition. Although both parties cite to Griffin's deposition to support their positions relative to Defendant H&M's Motion to Dismiss, reliance upon Defendant Griffin's deposition would be inappropriate at this juncture. *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Notwithstanding Defendant H&M's assertion that there is a lack of agency, the pleading is sufficient to survive a motion to dismiss at this state of the proceedings.

(*Id.*). Plaintiff filed the First Amended Complaint against Defendant H&M Bay on March 29, 2017. (ECF. No. 24). Defendant H&M Bay now moves to dismiss Plaintiff's complaint on the basis that the matter is time barred.

## II.    LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.   ANALYSIS

Defendant H&M Bay asserts Plaintiff's action against it is time barred.  Specifically, Defendant H&M Bay argues that Plaintiff's First Amended Complaint against it cannot relate back to the original filing date, and therefore that the statute of limitations has run.  New Jersey law provides a two-year statute of limitations for personal injury actions, such as the one at issue in this case.  *See* N.J.S.A. 2A:14–2 ("Every action at law for an injury to the person caused by the wrongful act, neglect, or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued.").  In this case, there is no dispute that the Original Complaint was filed within the two-year statute of limitations.

Defendant H&M Bay nevertheless, argues that Plaintiff's claims against it are time-barred because it was not specifically named as a defendant until after the two-year statute of limitations had expired (ECF No. 25 at 4).  Plaintiff responds by noting that, pursuant to Fed. R. Civ. P. 15 (c) (*i.e.*, the "relation back" rule) and R. 4:26–4 (*i.e.*, the "fictitious defendant" rule), her claim against Defendant H&M Bay is not time-barred because the First Amended Complaint, which specifically named Defendant H&M Bay for the first time, relates back to the timely filed Original Complaint. (*See* ECF No. 33 at 14–15).

In determining whether the First Amended Complaint relates back to the Original Complaint, the Court has considered the following issues which the parties have raised: (1) whether the relation back rule may apply in this case; (2) whether the Federal Rules of Civil Procedure allow for Plaintiff's invocation of New Jersey's fictitious defendant rule; and (3) whether Plaintiff has satisfied the requirements for invoking the fictitious defendant rule.

## A. Applicability of Fed. R. Civ. P. 15(c)

Under Fed. R. Civ. P. 15(c)(1),

> An amendment to a pleading relates back to the date of the original pleading when (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; *or* (C) the amendment changes the party of the name of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.  .

(emphasis added). Defendant H&M Bay avers that Plaintiff may not invoke Fed. R. Civ. P. 15(c) because there "is no indication that plaintiff misidentified a party, as opposed to simply failing to include [Defendant] H&M as a party." (ECF Nos. 25, 5-6, 11). Also, Defendant H&M Bay argues that Plaintiff has failed to satisfy the notice requirements of Fed. R. Civ. P. 15(c)(3). (*See* ECF Nos. 25, 5-6, 9).

This argument is without merit because it overlooks the plain language of the Fed. R. Civ. P. 15(c)(1)(A), which allows an amended complaint to relate back to the original filing when "the law that provides the applicable statute of limitations allows relation back." This language was added by amendment in 1991 "to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." *See* Notes of Advisory Committee on 1991 Amendments to Rules, Fed. R. Civ. P. 15, subdivision (c)(1). It is apparent, therefore, that the applicability of Fed. R. Civ. P. 15(c) is not as limited as Defendant H&M Bay would have this Court believe. Accordingly, the Court now turns to whether, in accordance with Fed. R. Civ. P. 15(c), Plaintiff may invoke New Jersey's fictitious defendant rule to relate the First Amended Complaint back to the timely filed original Complaint naming fictitious defendants.

**B. Applicability of New Jersey's Fictitious Defendant Rule Under Fed. R. Civ. P. 15(c)**

According to Defendant H&M Bay, Plaintiff may not invoke New Jersey's fictitious defendant rule to relate the First Amended Complaint back to the Original Complaint because "nothing in the amended complaint indicates that due diligence was exercised in obtaining the identity of [Defendant] H&M," and further, "the descriptions of the fictitious defendants in the state court complaint very clearly do not purport to describe [Defendant] H&M." (ECF No. 25, at 7-8, 9). Plaintiff counters that because "there is no view of these facts that could support a finding that the plaintiff either had knowledge of the existence of [Defendant] H&M Bay as a potential culpable party to be named as a defendant in this matter before January 9, 2018," she has "fully complied with the provisions of *Rule 4:26–4* and is entitled to the tolling provisions afforded therein." (ECF No. 33 at 18, 21).

"[A]s a general matter, if New Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment." *Bryan v. Assoc. Container Transp.*, 837 F. Supp. 633, 643 (D.N.J. 1993). In this case, there is no question that New Jersey law—which provides the applicable statute of limitations—allows relation back. *See* R. 4:26–4 ("[I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification."); *see also Viviano v. CBS, Inc.,* 101 N.J. 538, 547 (1986) (observing that the fictitious defendant rule "suspends the statute [of limitations] when the plaintiff is unaware of the true identity of the defendant."). It is also beyond question that federal courts within the Third Circuit have recognized that pursuant to Fed. R. Civ. P. 15(c), plaintiffs may avail themselves of New Jersey's fictitious defendant rule to toll the statute of limitations in tort actions. *See DeRienzo v. Harvard Indus., Inc.,* 357 F.3d 348 (3d Cir. 2004) (holding that plaintiff's

amended complaint naming fictitious defendants related back to timely filing of an original complaint pursuant to Fed. R. Civ. P. 15 (c)); *see also Carroll v. Setcon Indus.*, No. 10-04737, 2011 U.S. Dist. LEXIS 17931, 2011 WL 736478 (D.N.J. Feb. 23, 2011) (same).

For these reasons, Defendant H&M Bay's argument that Plaintiff may not invoke the fictitious defendant rule under the Federal Rules of Civil Procedure is untenable. Therefore, the only issue left for the Court is to consider whether Plaintiff has satisfied the requirements for invoking the fictitious defendant rule.

### C. Requirements for Invoking the Fictitious Defendant Rule

The Appellate Division of New Jersey's Superior Court has summarized the requirements for invoking the fictitious defendant rule as follows:

> First, the plaintiff must not know the identity of the defendant said to be named fictitiously. Second, the fictitiously-named defendant must be described with appropriate detail sufficient to allow identification. Third, a party seeking to amend a complaint to identify a defendant previously named fictitiously must provide proof of how it learned the defendant's identity. Fourth, although not expressly stated in the Rule, it is well-settled that the Rule is unavailable to a party that does not act diligently in identifying the defendant.

*See Andreoli v. State Insulation Corp.*, No. A-2636-10T4, 2011 N.J. Super. Unpub. LEXIS 2504, at *9–*10, 2011 WL 4577646 (App. Div. Oct. 5, 2011).

Defendant H&M Bay contends that Plaintiff has failed to meet two of the four aforementioned requirements, namely, that (1) the Original Complaint did not describe Defendant H&M Bay with sufficient specificity to allow identification, and (2) Plaintiff failed to exercise due diligence to identify Defendant H&M Bay. The Court will address each of these arguments in turn.

### a. Specificity of Descriptions in Original Complaint

According to Defendant H&M Bay, the Original Complaint lacked a sufficiently specific description for its identification as a defendant because "the descriptions of the fictitious defendants in the state court complaint very clearly do not purport to describe H&M." (*See* ECF No. 25 at 8). Defendant H&M Bay asserts that "in the state court complaint, the fictitious companies are pled as constituting companies '...who owned, operated, or [are] otherwise responsible for the repair, maintenance, operation, ownership and/or control of a certain automobile which was owned and operated by Defendant Charles Griffin...'," and that "the amended complaint alleges with respect to [Defendant] H&M that 'Charles Griffin was the agent, servant and/or employee of the Defendant H&M Bay, Inc., and operated said motor vehicle with the full authority, permission, and consent of the Defendant H&M Bay Inc., and in furtherance of the interests of Defendant H&M Bay Inc.'" (ECF No. 25 at 8). Thus, Defendant H&M Bay believes that Plaintiff "is attempting to plead a claim against [it] on the grounds that Charles Griffin, the driver involved in the accident, was an agent or servant of [Defendant] H&M, which was not pleaded in the [original] complaint." (ECF No. 25 at 8).

To support its argument that the Original Complaint's description of the fictitious defendants lacks specificity, Defendant H&M Bay relies primarily on *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super 140 (App. Div. 1986) and *Estate of Harrison v. Trump Plaza Hotel & Casino*, 2015 U.S. Dist. LEXIS 1919 (D.N.J. Jan. 8, 2015).

In *Rutkowski*, the plaintiffs brought a personal injury action against fictitious defendants described as "the designers of, manufacturer of, seller of, distributor of, repairer of, modifier and/or renovator of, or...otherwise responsible" for the machine that caused the plaintiffs' injuries. 209 N.J. Super. at 142. After the statute of limitations had expired, the plaintiffs filed a parallel action

against two insurance companies, alleging that they were negligent in inspecting the injurious machine. The plaintiffs then moved to consolidate the litigation against the insurance companies with the previously filed action. *Id.* The court denied the plaintiffs' motion and dismissed the complaint against the insurance companies on statute of limitations grounds, holding that the description of the fictitious defendants in the original complaint did not evince plaintiff's intent to "make a claim for negligent safety inspections." *Id.* at 143.

In *Estate of Harrison*, the plaintiffs brought suit asserting negligence, wrongful death, and survival action claims against a hotel and its parent companies, and fictitious defendants ABC Corporations I-V after decedent died in a hotel's valet compartment in Atlantic City, New Jersey. The plaintiffs then filed their First Amended Complaint naming restaurants inside the hotel as defendants, removing one company as a named defendant, and adding a claim for Liquor Liability. The plaintiffs later filed a Second Amended Complaint adding the architecture and design firms behind the hotel's construction as defendants, and adding a negligence *per se* claim. The architecture firms moved to dismiss plaintiffs' claims based on an expired statute of limitations. Though plaintiffs argued these claims related back to their original complaint, the court found the claims barred by the statute of limitations, as the plaintiffs' description of fictitious defendants did not adequately describe these additional architectural defendants.[3]

Plaintiff argues that unlike the plaintiffs in *Rutkowski* and *Estate of Harrison*, they have not attempted to substitute a party beyond the scope of the description of the fictitious defendants

---

[3] "In their [First Amended Complaint], Plaintiffs described Defendant ABC Corporations as 'companies that…maintained, controlled, supervised, managed, and were responsible for the properties.' Yet, according to the [Second Amended Complaint], Defendant Dothe 'was employed by [Defendants Trump and/or Sbarro] as an architect to administer, design, and manage the Café Sbarro construction project located at Trump Plaza Hotel & Casino,' and Defendant Ancor 'was employed by [Defendants Trump and/or Sbarro] as a construction manager and/or construction contractor to administer and manage the Café Sbarro construction project located at Trump Plaza Hotel & Casino.' The original designations of the ABC Corporations in the [First Amended Complaint] did not refer, even equivocally, to those who designed or constructed the alleged dangerous condition." *Estate of Harrison v. Trump Plaza Hotel & Casino,* 2015 U.S. Dist. Lexis 1919, at *16–17 (D.N.J. Jan. 8, 2015) (emphasis in original) (internal citations omitted).

provided in the Original Complaint. This Court agrees. The New Jersey Supreme Court has instructed the fictitious defendant rule must be applied liberally when "justice impels strongly toward affording plaintiffs their day in court." *See Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111 (1973); *see also Viviano*, 101 N.J. at 556 (permitting amended complaint to relate back despite plaintiff's failure to even designate a fictitious party in the complaint). "The specificity determination lies in whether the description of the fictitious defendants in the original pleading evinces the plaintiff's intention to bring a cause of action against the defendants later identified in the original complaint." *See Carroll,* 2011 U.S. Dist. LEXIS 17931, at *11, 2011 WL 736478 (citing *Jarusewicz v. Johns–Manville Prods. Corp.*, 188 N.J. Super. 638, 645, 458 A.2d 156 (Law Div. 1983)). When determining whether plaintiffs have described fictitious defendants with sufficient specificity to invoke the fictitious defendant rule, courts should not hesitate to "look at the pleading as a whole…in gauging to whom the plaintiff has intended the fictitious label to refer." *See Carroll,* 2011 U.S. Dist. LEXIS 17931, at *11, 2011 WL 736478 (citing *Viviano,* 101 N.J. at 554, 503 A.2d 296).

Applying these principles to the matter *sub judice*, this Court concludes that the Original Complaint's description of the fictitious defendants sufficiently describes H&M Bay as a "John Doe" or "ABC Corp." who "owned, operated, or [was] otherwise responsible for the repair, maintenance, operation, ownership and/or control of a certain automobile which was owned by Defendant Charles Griffin or any other motor vehicle" that collided with Plaintiff on the date in question. (FAC at "FIRST COUNT" ¶4). As Defendant H&M Bay points out, the Original Complaint could have more precisely described it as a fictitious defendant against which she may have a claim under a theory of *respondeat superior*. (ECF. No. 37 at 10). This fact, however, is not fatal to Plaintiff's invocation of the fictitious defendant rule because the Original Complaint

evinces Plaintiff's intent to bring an action against defendants who, like Defendant H&M Bay, "owned, operated or [were] otherwise responsible for the repair, maintenance, operation, ownership and/or control of a certain automobile" involved in the accident. (FAC at "FIRST COUNT" ¶4). *See Carrol*, 2011 U.S. Dist. LEXIS 17931, at *11, 2011 WL 736478; *see also Viviano*, 101 N.J. at 552-53 (construing complaint liberally where fictitious party "could have been more precisely drawn."). A reading of Plaintiff's description of the fictitious defendants within the context of the Original Complaint as a whole compels this Court to conclude that Plaintiff has satisfied the specificity requirement for invoking the fictitious defendant rule.

Defendant H&M Bay argues that Plaintiff could not have possibly satisfied the threshold for sufficient diligence because "a plaintiff of reasonable intelligence engaging in reasonable diligence would recognize that she may have a claim against a third-party under a theory of *respondeat superior* or vicarious liability against [Defendant] Griffin." (ECF No. 37 at 10). To support this argument, Defendant H&M Bay relies primarily on *Lopez v. Swyer*, 62 N.J. 267 (1973), a case in which the Court found that the discovery rule will only toll the statute of limitations on a cause of action until "the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim," and further the discovery rule applies only where "equity and justice [seem] to call for its application." *Id.* at 272-73. In Defendant H&M Bay's view, Plaintiff's purported lack of awareness of a cause of action against it rendered it impossible for Plaintiff to perform any due diligence to identify it as a defendant.

The problem with Defendant H&M Bay's argument is that it is premised on the assumption that Plaintiff was, in fact, unaware of a cause of action against it. For the reasons set forth in Section III.C.a., *supra*, Defendant H&M Bay was sufficiently described as a fictitious defendant

11

in the Original Complaint, which asserted a cause of action against entities that "owned, operated or [were] otherwise responsible for the repair, maintenance, operation, ownership and/or control of a certain automobile" involved in Plaintiff's accident. (FAC at "FIRST COUNT" ¶4). The fact that Plaintiff was unable to identify Defendant H&M Bay *by name* is no reason to bar her from invoking the fictitious defendant rule. In fact, it is precisely for such a plaintiff that the fictitious defendant rule exists. *See Mears v. Sandoz Pharmaceuticals, Inc.*, 300 N.J. Super. 622, 630, 693 A.2d 558 (App. Div. 1997) ("The first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be unknown to the plaintiff.") (internal quotation marks omitted); *see also Greczyn v. Colgate-Palmolive*, 183 N.J. 5, at 12 (2005) (noting that the fictitious defendant rule operates when a plaintiff brings "a specific claim" against "a described, though unnamed party," within the statute of limitations, and the plaintiff "diligently seek[s] to identify the fictitiously-named defendant.").

This case is unlike those upon which Defendant H&M Bay relies to argue that Plaintiff's due diligence efforts were insufficient. *See Mears*, 300 N.J. Super. 622; *Greczyn v. Colgate-Palmolive*, No. MID-L-8177-00, 2006 WL 1236695 (N.J. Super. Ct. App. Div. May 10, 2006). In *Mears,* the court held that the plaintiff failed to satisfy the due diligence requirement for invoking the fictitious defendant rule because a "simple inquiry" at his job site would have revealed the identity of other defendants prior to the running of the statute of limitations. *Mears*, 300 N.J.Super. at 630–31. Similarly, in *Greczyn,* the court held that the plaintiff could not invoke the fictitious defendant rule to bring a tort action against the designer of the staircase on which she fell because she delayed in prosecuting her claim, and failed to make "the simplest of inquiries" that would have allowed her to identify the designer prior to filing suit. 2006 WL 1236695, at *4.

Defendant Griffin made no mention of an employer until his deposition on January 9, 2018. (ECF No. 33 at 18). Within three months of learning this, Plaintiff amended the Original Complaint to name Defendant H&M Bay as defendant on March 29, 2018. *See Id.* In light of these facts, this Court is satisfied that Plaintiff attempted in good faith to identify fictitious defendants described in the Original Complaint. Accordingly, this Court holds that the Plaintiff satisfies the due diligence requirement for invoking the fictitious defendant rule. Hence, Plaintiff's First Amended Complaint relates back to the Original Complaint, which was timely filed, and her claims against Defendant H&M Bay are therefore not barred by the statute of limitations.

### IV.   CONCLUSION

For the foregoing reasons, Defendant H&M Bay's Motion to Dismiss Plaintiff's First Amended Complaint is hereby denied. An Appropriate order accompanies this Opinion.


DATED: November 2 9, 2018

CLAIRE C. CECCHI
Judge, United States District Court